# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LODGEBUILDER, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>BRENDA MOODY WHINERY,<br><br>    Defendant. | 2:09-CV-1837 JCM (LRL) |

### ORDER

Presently before the court is the opening brief of appellants William Aubrey and Brenda Todd's appeal from the U.S. Bankruptcy Court. Appellee Brenda Moody Whinery, creditor trustee for Fort Defiance Housing Corporation, Inc., filed an answering brief, and appellants filed a reply brief.

A.   PROCEDURAL BACKGROUND

Appellants Aubrey and Todd appeal the bankruptcy court's September 4, 2009, order and assert that the bankruptcy court improperly converted their case to chapter 7. In March 2009, appellants William H. Aubrey, Brenda B. Todd, and the corporation Lodgebuilder, Inc. filed separate petitions for chapter 11 relief in U.S. Bankruptcy Court, for the District of Nevada. The three cases were initially jointly administered under case no. 09-14103.

In August 2009, the bankruptcy court held hearings on the creditor trustee's motion to convert cases to chapter 7, or in the alternative, dismiss proceedings. The creditor trustee asserted that the bankruptcy case should be converted or dismissed because of the debtors' inability to effectuate a plan, the absence of a reasonable likelihood of rehabilitation, and the continued

**James C. Mahan**
**U.S. District Judge**

1  diminution of the estate. On September 4, 2009, the bankruptcy court entered a conversion order,
2  which converted the case from chapter 7 to chapter 11, and provided for separate administration of
3  the debtors' three cases.

4      B.    FACTUAL BACKGROUND

5      Prior to seeking bankruptcy relief in Nevada, Lodgebuilder, Inc. (hereinafter "Lodgebuilder")
6  and appellants William Aubrey and Brenda Todd were defendants in an adversary proceeding filed
7  in the District of Arizona. The creditor-trustee sought prejudgment attachment of various assets
8  owned and controlled by the appellants and Lodgebuilder. The creditor-trustee sought relief based
9  on the allegation that the proceeds were fraudulently transferred and misappropriated. After
10 reviewing the issues presented and holding an evidentiary hearing, the Arizona bankruptcy court
11 entered judgment in favor of the creditor trustee and awarded compensatory and punitive damages.
12 Additionally, the Arizona court entered a permanent injunction enjoining any party from selling,
13 transferring, encumbering, impairing or otherwise disposing of specific real property and certain
14 bank accounts.

15     The appellants appealed the Arizona judgment to the U.S. District Court of Arizona, and filed
16 petitions for chapter 11 relief in the Nevada bankruptcy court. The U.S. District Court of Arizona
17 subsequently dismissed the appeal, holding that the lower court's findings were supported by the
18 record.

19     In April 2009, in response to a motion filed by the creditor trustee, the Nevada bankruptcy
20 court entered an order finding that the permanent injunction entered by the U.S. Bankruptcy Court
21 of the District of Arizona remained in place.

22     C.    ANALYSIS

23     This court has jurisdiction "to hear appeals... from judgments, order, and decrees of
24 bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges" pursuant to
25 Title 28 U.S.C. § 158(a)(1). Under Section 1112(b) of the bankruptcy code, a bankruptcy court is
26 given wide discretion to convert a case to chapter 7 for cause. *Johnston v. Jem Development Co.,*
27 149 B.R. 158, 160 (9th Cir. BAP 1992). A bankruptcy court's order for conversion of a case is
28

James C. Mahan
U.S. District Judge

- 2 -

1  reviewed for an abuse of discretion. *In re Klein/Ray Broadcasting*, 100 B.R. 509, 511 (9th Cir. BAP
2  1987).

3        Under Section 1112(b) of the bankruptcy code, a party in interest may file a motion to
4  convert a chapter 11 case to a chapter 7 case, based on several factors such as, loss or diminution of
5  the estate, absence of a reasonable likelihood of rehabilitation, and inability to effectuate a plan.

6        In support of the motion to convert, the creditor trustee submitted evidence regarding the
7  financial condition of appellants.  This evidence demonstrated that appellant Todd had only
8  $900/month rental income, and appellant Aubrey had $1,000 rental income in addition to social
9  security.  Additionally, the appellants' plan was based solely on operating Lodgebuilder and an
10 intention to contract with South Shiprock Houses, Inc..  However, Navajo Housing Agency, which
11 has taken control of the South Shiprock project, communicated that it would not contract with or
12 allow Lodgebuilder to participate in any of their projects.  Furthermore, Lodgebuilder has not
13 operated, or participated in any construction project, or generated income since 2006.

14       Appellants/debtors assert that ineffective assistance of counsel caused them to submit an
15 inadequate disclosure statement and reorganization plan, and given the opportunity, they could
16 submit an amended statement and plan.  However, appellants fail to include a feasible reorganization
17 plan in either their opening or reply briefs.

18       This court finds that appellants/debtors have been given ample opportunity to present and
19 demonstrate their ability to effectuate a plan of reorganization under chapter 11.  Having considered
20 the record and the parties' arguments, this court finds that appellants have not demonstrated that
21 there was a reasonable likelihood of rehabilitation or ability to effectuate a plan.  Accordingly, in
22 converting this case from chapter 11 to chapter 7, the bankruptcy court did not abuse its discretion.

23       IT IS HEREBY ORDERED ADJUDGED AND DECREED that the bankruptcy court's
24 conversion of this case to chapter 7 is AFFIRMED.

25       DATED August 9, 2010.

                                                                                           UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -